**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KASHIF PARVAIZ, | : | |
| | : | |
| Petitioner, | : | Civil Action No. |
| | : | 21-20195 (JMV) |
| v. | : | |
| | : | **OPINION & ORDER** |
| RAYMOND ROYCE, | : | |
| | : | |
| Respondent. | : | |
| | : | |

Before the Court is Petitioner's counseled motion for a stay and abeyance of this matter while he pursues unexhausted claims in state court through a second post-conviction relief ("PCR") petition. (D.E. 7.) To merit a stay, Petitioner must establish (1) that he has good cause for his failure to raise the additional claims before; (2) that the additional claims have factual and legal merit; and (3) that he is not engaging in intentional dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

Petitioner's two unexhausted claims, Points IV and V, appear to be of the ineffective assistance of PCR counsel. (D.E. 3, at 46, 48.) Generally, ineffective assistance of PCR counsel claims are not cognizable under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Similarly, the Supreme Court has held that "a petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

In the present case, however, Point V and its three sub-parts, appear to fall under *Martinez v. Ryan*, 566 U.S. 1 (2012). (D.E. 3-1, at 48–50.)  In *Martinez*, the Supreme Court set forth a limited exception to the general rule and held that inadequate assistance of PCR counsel at initial review proceedings "may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9.  In Point V, Petitioner argues that PCR counsel failed to raise three claims of ineffective assistance of trial counsel. (D.E. 3-1, at 48–50.)  Accordingly, this Court may be able to construe these claims as parts of ineffective assistance of *trial* counsel claims, which are cognizable under § 2254. *Gamble v. Johnson*, No. 15-8358, 2019 WL 366558, at *2 (D.N.J. Jan. 30, 2019).  In other words, the Court could construe "that Petitioner failed to raise certain ineffective assistance of trial counsel claims at his first PCR proceeding because of the alleged ineffective assistance of his PCR counsel." *Id*.

As a result, the Court finds that Petitioner demonstrates "good cause"[1] under *Rhines* to issue a stay. *See Suarez v. Johnson*, No. 17-2767, 2017 WL 5157392, at *3 (D.N.J. Nov. 7, 2017) (finding *Martinez* claims sufficient to establish "good cause" under *Rhines*).  Further, the Court finds that the claims are not "plainly meritless," and that it does not appear that Petitioner is engaging in dilatory litigation tactics. *See Rhines*, 544 U.S. at 277–78.  Consequently, the Court concludes that Petitioner has met his burden under *Rhines* and will grant his motion to stay this matter.  Accordingly, and for good cause shown,

IT IS, on this 4th day of April 2022,

---

[1] The Court recognizes that Point IV, Petitioner's claim that PCR counsel failed to request an evidentiary hearing is insufficient to meet the requirements under *Rhines*.  Nevertheless, the Court will grant the stay based on Petitioner's other claims and will permit Petitioner to exhaust all of the claims in his second PCR petition. *See Gamble*, 2019 WL 366558, at *2 (concluding similarly).

3

**ORDERED** that Petitioner's motion to stay and abey this matter, (D.E. 7), is GRANTED; and it is further

**ORDERED** that the Clerk of the Court shall STAY and ADMINISTRATIVELY TERMINATE this matter until Petitioner has exhausted the claims in his second PCR petition; and it is further

**ORDERED** that within sixty (60) days of exhausting his claims, *i.e.*, after a final decision from the Supreme Court of New Jersey, Petitioner may request that this Court reopen this matter and lift the stay.

JOHN MICHAEL VAZQUEZ
United States District Judge